IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RONALD VINEYARD, § | |
| § | |
| Plaintiff, § | |
| § | |
| § | |
| v. § | CIVIL ACTION NO. A 12-cv-00728 |
| § | |
| FEDERAL NATIONAL MORTGAGE § | |
| a/k/a FANNIE MAE, BAC HOME § | |
| LOANS SERVICING LP and BANK OF § | |
| AMERICA, N.A., § | |
| § | |
| Defendants. § | |

## Notice of Removal

Defendants Bank of America, N.A., successor by merger to BAC Home Loans Servicing LP, and Federal National Mortgage Association a/k/a Fannie Mae, file this Notice of Removal based on diversity jurisdiction under 28 U.S.C. § 1332.

### I.    Introduction

On November 7, 2011, Plaintiff Carlo Guerra filed his Original Petition in the 113th Judicial District Court, Harris County, Texas, styled as *Ronald Vineyard v. Federal National Mortgage a/k/a Fannie Mae, BAC Home Loans Servicing LP and Bank of America, N.A.*, Cause No. 2011-67327. Plaintiff seeks declaratory relief and damages for numerous claims including alleged wrongful foreclosure, unfair debt collection, breach of contract and fraud.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the state court action and obtained by Defendants are attached hereto and marked as composite **Exhibit "A"** and incorporated herein by reference

## II. Timeliness of Notice of Removal

1. Bank of America, N.A., and Federal National Mortgage Association were served with process in this case on February 17, 2012. Less than thirty days have passed since Bank of America and Fannie Mae were served with the Petition. There are no other defendants.

## III. Basis For Removal: Diversity Jurisdiction

### A. Complete Diversity Exists.

2. Plaintiff's state court action may be removed to this Court because it arises under 28 U.S.C. § 1332 (Diversity of Citizenship). Plaintiff is a citizen and resident of Harris County, Texas.

3. Bank of America is a citizen of North Carolina under the rules for determination of the citizenship of a national banking association because that is the state where its main office is located, as provided in its articles of association.[1] Accordingly, Defendant Bank of America is a citizen of North Carolina.

4. Fannie Mae is a federally chartered corporation incorporated in the District of Columbia, with its main office located in the district of Columbia, as provided in its Bylaws. Accordingly, Defendant Fannie Mae is a citizen of the District of Columbia

5. Because Plaintiff is a citizen of Texas, Bank of America is a citizen of North Carolina and Fannie Mae is a citizen of the District of Columbia, complete diversity exists.

### B. The Amount in Controversy Exceeds $75,000.00.

6. Plaintiff's Petition does not seek a specified amount of monetary relief but rather, seeks equitable, declaratory and injunctive relief that would permanently enjoin Defendants from

---

[1] 28 U.S.C. § 1348; *see also Hill v. Bank of Am. Corp.*, No. 06-cv-804GE, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006) (Bank of America, N.A. is a national banking association located in the state of North Carolina, as designated in its articles of association).

enforcing the terms of Plaintiff's promissory note and deed of trust. When equitable relief is sought, "the amount in controversy is measured by the value of the object of the litigation."[2]

7. When the "object of the mortgagor's litigation [is] the protection of his entire property," the fair market value of the property is the proper measure of the amount in controversy.[3] Here, the value of the subject property amounts to $337,950.00.[4] Therefore, based on the value of the relief sought by Plaintiff in his Petition, the amount in controversy exceeds $75,000.00.

## IV. Venue

8. Venue for this Removal is proper in the U.S. District Court for the Southern District of Texas, Houston Division because this district and division includes Harris County, Texas—the location of the pending state court action.[5]

## V. Additional Requirements

9. Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Harris County, Texas.

10. Plaintiff did not demand a jury trial in his state court action.

---

[2] *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977); *see also Carrick Trucking, Inc. v. Lamberth*, No. 2:10-cv-02171, 2011 WL 1085616, at *2 (W.D. Ark. March 23, 2011).

[3] *Martinez v. BAC Home Loans Servicing, LP*, Civil Action No. SA–09–CA–951–FB, 2010 WL 6511713, at *7 (W.D. Tex. Sept. 24, 2010).

[4] *See* Harris County Appraisal District Real Property Account Information attached as **Exhibit "B"**. It is appropriate for the court to take judicial notice of the Harris County Tax Appraisal because it is of public record and the information it provides is readily ascertainable and the source—the Harris County Appraisal District—cannot reasonably be questioned. *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).

[5] *See* 28 U.S.C. § 1441(a); 28 U.S.C. 124(b)(2) (stating that the Houston Division of the Southern District includes Harris County).

WHEREFORE, having satisfied the requirements for removal under 28 U.S.C. § 1332, Bank of America, N.A., successor by merger to BAC Home Loans Servicing LP, and Federal National Mortgage Association a/k/a Fannie Mae, give notice that Cause No. 2011-67327 now pending in the 113th Judicial District Court of Harris County, Texas has been removed to this Court.

        **MCGLINCHEY STAFFORD, PLLC**

By:   */s/ Raymond A. Chenault*
      **RAYMOND A. CHENAULT**
      State Bar No. 24061368
      McGlinchey Stafford, PLLC
      1001 McKinney, Suite 1500
      Houston, TX 77002
      713.520.1900
      713.520.1025 (Fax)
      rchenault@mcglinchey.com
      *__Attorneys For Bank Of America, N.A., and Federal National Mortgage Association__*

## Certificate and Notice of Filing

I certify that on March 8, 2012, Notice of Notice of Removal was sent to the District Clerk of Harris County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the attorneys of record for Plaintiff.

/s/ Raymond A. Chenault
Raymond A. Chenault

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of March, 2012, I electronically filed the Notice of Removal with the Clerk of Court using the CM./ECF and I hereby certify that I have mailed the document to the following counsel of record:

Jason P. Scofield
The Sheena Law Firm
1001 Texas Avenue, Suite 240
Houston, TX 77002
Jason@Sheenalawfirm.com
**Attorneys for Plaintiff**

/s/ Raymond A. Chenault
Raymond A. Chenault